IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Bernard Curry, #186737, | ) | C/A No.: 1:14-4032-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| The South Carolina Law Enforcement Division; Chief Mark A. Keel; and Cpt. John T. Bishop, Investigative Services, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff James Bernard Curry, proceeding pro se and in forma pauperis, is a prisoner incarcerated in the custody of the South Carolina Department of Corrections. He brings this action, which is construed as brought pursuant to 42 U.S.C. § 1983,[1] alleging violations of his constitutional rights against the South Carolina Law Enforcement Division ("SLED"), Chief Mark A. Keel, and Cpt. John T. Bishop (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

---

[1] Plaintiff's complaint states that he has been "[d]enied the equal protection of the law as stated in Article 1 of the S.C. Constitution Declaration of Rights Section 3." [ECF No. 1 at 2]. However, because Plaintiff alleges violations of the United States Constitution and fails to make any arguments under either the state or federal equal protection clauses, the undersigned has liberally construed the pro se complaint as bringing claims pursuant to 42 U.S.C. § 1983.

I.     Factual and Procedural Background

In his complaint,[2] Plaintiff alleges evidence tampering and perjury related to his state criminal conviction and requests that SLED investigate his claims. [ECF No. 1 at 3]. Specifically, Plaintiff claims that Solicitor Barfield coached a witness into committing perjury and that Great Falls Police Chief Revels committed misconduct related to a witness's identification of Plaintiff in a police photo line-up. *Id.* at 3. Plaintiff alleges that when he brought these claims to the attention of the South Carolina Attorney General's office and the Chief Magistrate Judge of Chester County, he was informed that any warrants for police officers or attorneys would have to be requested after an investigation by SLED. *Id.* at 2; ECF No. 1-2 at 5–6. Plaintiff contends that he sent a letter to Keel and Bishop on July 12, 2014, requesting that SLED investigate his allegations of wrongdoing in his criminal trial. *Id.*

Plaintiff argues that he was wrongfully convicted and states that he has filed a motion for a new trial based on after-discovered evidence, but alleges that SLED has not assigned a special agent to investigate his claims. [ECF No. 1 at 2]. Plaintiff seeks monetary damages and an order compelling SLED to investigate his allegations. *Id.* at 4.

II.    Discussion

   A.    Standard of Review

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the

---

[2] Plaintiff's complaint appears to be missing page 2. *See* ECF No. 1.

statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

To the extent Plaintiff seeks for this court to compel SLED to investigate state officers, Plaintiff has not provided any legal basis for such mandamus-type relief. Federal

district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999). Further, 28 U.S.C. § 1651, the "all writs statute," is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587–88 nn. 2–4 (4th Cir. 1969). As SLED is a state agency, this court lacks jurisdiction under § 1361 and/or §1651 to grant relief against SLED or its employees. *See In re Ridgway*, No. 95-8002, 1995 WL 227268, at *1 (4th Cir. April 18, 1995) ("This Court will not direct the action of state actors through mandamus."). The undersigned recommends that Plaintiff's request for mandamus relief be summarily dismissed.

To the extent Plaintiff seeks monetary damages related to alleged constitutional violations that he contends resulted in his wrongful conviction, his claim is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

4

*Id.* at 486–87.

When addressing a damages claim in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

An award for Plaintiff in this case would imply the unlawfulness of his conviction, and Plaintiff has failed to demonstrate or allege that he has successfully challenged his state convictions and/or sentences. In fact, Plaintiff indicates that he is currently pursuing a motion for a new trial challenging the conviction that is referenced in his complaint. Because Plaintiff has not demonstrated that his conviction or sentence has been successfully challenged, his claim for damages related to the conviction is barred by *Heck*.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

October 21, 2014                                              Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).